806 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thelma BALL, Widow of Remol Ball, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS and the
Benefits Review Board, United States Department of
Labor, Respondents.
 No. 85-1439.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1986.
Decided Nov. 26, 1986.
 
 H. John Taylor, for petitioner.
 Ronald G. Ray, United States Department of Labor (George B. Salem, Deputy Solicitor; Donald S. Shire, Associate Solicitor; J. Michael O'Neill, Counsel for Appellate Litigation; Thomas L. Holzman, Assistant Counsel for Appellate Litigation on brief), for respondents.
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Thelma Ball, a widow, petitions for review of the decision of the Benefits Review Board (Board) affirming the Administrative Law Judge's (ALJ) denial of black lung survivor benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. We affirm.
 
 
 2
 A hearing was conducted before an ALJ in Charleston, West Virginia. The ALJ found that the interim presumption under 20 C.F.R. Sec. 727.203(a) had not been invoked, and that the miner was not totally or partially disabled due to pneumoconiosis at the time of his death. The Board affirmed the ALJ's decision, finding that even if the ALJ had erred in failing to invoke the presumption, her factual conclusions were supported by medical evidence and mandated rebuttal under 20 C.F.R. Sec. 727.203(b)(3).
 
 
 3
 Assuming that the presumption should have been invoked, the evidence rebutting that decision must "rule out the causal relationship between the miner's total disability [or death] and his coal mine employment...." Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984) (emphasis in original). In evaluating that evidence we must consider and weigh all relevant medical evidence. Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir.1986) (en banc).
 
 
 4
 In the present case there was conflicting medical evidence, some of which suggested that the miner suffered a partial disability due to pneumoconiosis. Based on this evidence the Department of Labor had earlier found that the miner suffered a 15% impairment of pulmonary function due to occupational pneumoconiosis and was entitled to benefits pursuant to the Black Lung Benefits Act. Much of the medical evidence, however, shows no pneumoconiosis, and the evidence supporting pneumoconiosis is incomplete or is more consistent with a diagnosis of amyotrophic lateral sclerosis (ALS). It is undisputed that claimant's decedent ultimately died of ALS. The Board found, and we agree, that ALS alone was responsible for the miner's total disability or death. Even if the decedent had a minor respiratory disability caused by his coal mine employment, this was unrelated to the total disability and death caused by ALS.
 
 
 5
 We find that the decision of the Benefits Review Board affirming the ALJ is supported by substantial evidence and is in accordance with the law. Accordingly, the decision of the Benefits Review Board is
 
 
 6
 AFFIRMED.